IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **TEVIN MORRIS**, an Individual, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No._____ |
| | ) | |
| | ) | |
| **PB&J TOWING SVC., I & II LLC**, | ) | JURY TRIAL DEMANDED |
| a Tennessee Limited Liability Company, | ) | |
| and **PATRICK LAWRENCE**, | ) | |
| an Individual, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR UNPAID WAGES UNDER THE FAIR LABOR STANDARDS ACT**

COMES NOW the Plaintiff, Tevin Morris ("Morris" or "Plaintiff"), and sues Defendants, PB&J Towing Svc., I & II LLC ("PB&J") and Patrick Lawrence, an individual, alleging violations of the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. § 201 *et seq*. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed. R. Civ. P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, and alleges as follows:

**INTRODUCTION**

1. The FLSA was passed by Congress in 1938. The principal congressional purpose enacting the FLSA was to protect all covered workers from substandard wages and, oppressive working hours, and labor conditions, that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to

1

pay statutory minimum wage on time may be so detrimental to the maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of the worker to that minimum standard of well-being. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. Plaintiff brings this action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and overtime wages. Plaintiff's claims are for minimum wage, overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. § 207.

3. Based on the information preliminarily available, and subject to discovery in this cause, PB&J did not compensate Plaintiff for all straight time and overtime hours worked in excess of forty (40) per week within weekly pay periods during times relevant to this action.

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff Morris is a resident of Shelby County, Tennessee and has been employed by Defendants and was paid per boot during the relevant statutory period.

5. Plaintiff was an "employee" of the Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

6. Defendant PB&J Towing Svc., I & II LLC (hereinafter "PB&J") is a Tennessee for-profit limited liability company. PB&J is a towing and recovery service company located at 788 S Main Street, Memphis, Tennessee 38106-1789. PB&J contracts with downtown Memphis parking lots to monitor, boot and tow illegally parked vehicles. PB&J is owned and operated by Defendant Patrick Lawrence. PB&J can be served through its Registered Agent for Service of

Process, Patrick Lawrence at 788 S Main Street, Memphis, Tennessee 38106-1789.

7. Defendant Patrick Lawrence was the Owner and Operator of PB&J during the statutory period and exercised operational control over PB&J. Specifically, Defendant Lawrence, directly supervised Plaintiff, unilaterally set the wages of Plaintiff, and set work quotas , among other things. Defendant Lawrence is individually liable under the FLSA for the violations complained of herein.

8. PB&J is an enterprise engaged in interstate commerce under the FLSA and its regulations. PB&J employed employees in interstate commerce, including the provision of interstate transportation, during the time period relevant to this Complaint.

9. As Plaintiff's employer, PB&J was required to compensate Plaintiff in accordance with the requirements of the laws of the United States and Tennessee, including but not limited to payment at the statutorily mandated minimum wage of $7.25 per hour and a rate of one-and-a-half times Plaintiff's Regular Rate of Pay (referred to hereinafter as the "Overtime Rate") for all hours worked in excess of forty (40) hours per workweek.

10. The Court has subject matter jurisdiction pursuant to the FLSA of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, 1337. The Court also has subject matter jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

11. The Court has personal jurisdiction over the Defendants, who reside in Memphis, Tennessee.

12. Venue also lies in this District, pursuant to 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this district, do business in this district, and/or a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

13. PB&J is a business engaged in commercial enterprise, had annual gross volume of sales exceeding $500,000.00, and is a covered employer under the FLSA.

14. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

## FACTUAL BASIS FOR SUIT

15. Plaintiff brings this action because he was only paid by the boot. In other words, Plaintiff was paid by how many cars he booted, even if that work crossed the forty-hour threshold for overtime pay.

16. Mr. Morris worked as a boot technician for PB&J from December 2015 to December 2016. During his employment tenure with PB&J, Mr. Morris was required to search for vehicles parked in certain downtown Memphis garages that did not pay to park. When Mr. Morris would find a vehicle that had not properly paid to park, Mr. Morris would put a boot on said vehicle. Mr. Morris was also required to remove boots from said vehicles once the owner made the necessary payment.

17. Mr. Morris was paid $20 per boot he placed on vehicles.

18. Mr. Morris' pay was unlawfully docked for "errors" in his work. Specifically, Mr. Morris' pay would be deducted for missing paperwork, gas, and other reasons unknown to Plaintiff. The aforementioned unlawful deductions would sometime bring Plaintiff's pay below minimum wage in violation of the FLSA and state law. *See Exhibit A*, Pay Stubs of Plaintiff Morris during the statutory period.

19. During his employment tenure with PB&J, Mr. Morris kept track of his hours worked and turned them in to Defendants on a weekly basis.

20. During his employment tenure with PB&J, Mr. Morris was only paid by the

number of boots he placed on vehicles that he turned in, even if that meant he did not receive $7.25 per hour for every hour worked under forty (40).

21. During his employment tenure with PB&J, Mr. Morris was only paid by the number of boots he placed on vehicles that he turned in, even if he stayed at work for more than forty (40) hours per week. *See Exhibit A*, Pay Stubs of Plaintiff Morris during the statutory period.

22. Defendants were aware that work was being performed in excess of forty (40) hours a week and still did not compensate the Plaintiff in accordance with the FLSA.

23. In fact, for approximately three (3) months during the statutory period, Plaintiff worked seven (7) days a week as ordered by Defendants. During this three (3) month period, Plaintiff worked up to twenty (20) hours a day, sleeping in his vehicle at PB&J between shifts.

24. At all times relevant to this action, Defendants failed to comply with U.S.C. §§ 201-209 because Plaintiff, performed services for Defendants for which no provisions were made by Defendants to properly pay for those hours worked in excess of forty (40) within a workweek.

25. The records concerning the number of hours worked, and amounts paid to Plaintiff, are in the possession and custody of Defendants.

26. Defendants are unable to bear their burden of demonstrating that Plaintiff falls within any of the FLSA minimum wage or overtime exemptions.

27. Although at this stage Plaintiff is unable to state the exact amount owed to him, he believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records of its non-exempt employees, such employees may establish the hours they worked, including overtime hours, solely by their

testimony and the burden of proof of overcoming any such testimony shifts to the employer.

## COUNT I
## VIOLATION OF THE FLSA IN CONNECTION WITH MINIMUM WAGE AND OVERTIME COMPENSATION

28. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

29. At all relevant times, Defendants have been and continue to be an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiff also has engaged in interstate commerce during all relevant times to this Complaint.

30. Defendants employed Plaintiff within the meaning of the FLSA during times relevant to this cause.

31. Defendants have had a uniform plan, policy and practice of willfully refusing to pay the federal applicable minimum wage and overtime compensation to Plaintiff for all hours worked under forty (40) and in excess of forty (40) hours per week during times relevant to this lawsuit.

32. Defendants have had actual and/or constructive knowledge of willfully refusing to pay the federal applicable minimum wage and overtime compensation to Plaintiff for all hours worked under forty (40) and in excess of forty (40) hours per week, during all times relevant to this action.

33. During times relevant to this action, Defendants did not have a good faith basis for their failure to pay the federal applicable minimum wage and overtime compensation to Plaintiff for all hours worked under forty (40) and in excess of forty (40) hours per week.

34. As a result of Defendants' willful failure to pay Plaintiff the applicable federal minimum wage for all hours worked under forty (40) and overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations' period, they have violated the FLSA, 29 U.S.C. § 201, *et seq.* and, are liable to Plaintiff for all such unpaid overtime compensation due.

35. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

36. Due to Defendant's willful FLSA violations and, and their lack of good faith, in its failure to pay Plaintiff the federal applicable minimum wage for all hours worked under forty (40) and overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period, he is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. *§ 201, et seq*.

## COUNT II
## ADDITIONAL CAUSES OF ACTION

37. The forgoing facts are incorporated by reference as if fully stated herein.

38. Plaintiff brings the following additional causes of action against Defendant:

a. Unjust Enrichment/Quantum Meruit;

b. Breach of Contract; and

c. Violation of the Tennessee Wage Regulation Act (Tenn. Code Ann. § 50-2-103(h)).

## DECLARATORY RELIEF

39. Plaintiff incorporates and readopts all allegations contained within Paragraphs 1-39 above.

40. Plaintiff and Defendants have a FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

41. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the DJA. 28 U.S.C. §§ 2201-2202.

42. Plaintiff may obtain declaratory relief.

43. Defendants employed Plaintiff.

44. Plaintiff was individually covered by the FLSA.

45. Defendants failed to pay Plaintiff for all hours worked.

46. Plaintiff is entitled to overtime pursuant to 29 U.S.C. § 207(a)(1).

47. Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

48. Defendants did not rely upon a good faith defense.

49. Plaintiff is entitled to an equal amount of liquidated damages.

50. It is in the public interest to have these declarations of rights recorded.

51. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

52. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

53. Plaintiff demands trial by jury.

Wherefore, Plaintiff demands, a declaration of rights finding that an employer-employee relationship existed, Plaintiff worked hours under forty (40) in a workweek without receiving correct minimum wages pursuant to the FLSA, Plaintiff worked hours over forty (40) in a workweek without receiving correct overtime pursuant to the FLSA, Defendants failed to keep accurate time records, Defendants had a legal duty to pay Plaintiff overtime pursuant to the FLSA, Defendants failed to prove a good faith defense, Plaintiff is entitled to minimum wages, overtime, liquidated damages, reasonable attorneys' fees, costs and expenses pursuant to the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for the following relief against the Defendants:

A. A declaratory judgment that Defendants have violated the compensation provisions of the FLSA, 29 U.S.C. § 206, as to Plaintiff;

C. A declaratory judgment that Defendants' violations of the FLSA were willful;

D. An award to Plaintiff of damages in the amount of unpaid compensation to be proven at trial, which includes minimum wages and overtime;

E. An award to Plaintiff of interest and liquidated damages in an amount equal to the compensation shown to be owed to him pursuant to 29 U.S.C. § 201, *et seq.*;

F. An award to Plaintiff of reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 201, *et seq.*;

G. An award of compensatory and economic damages in an amount to be proven at trial;

H. An award of consequential and incidental damages in an amount to be proven at trial;

I. An award of pre- and post-judgment interest; and

J. An award of such other and further legal and equitable relief as may be appropriate.

Dated: March 1, 2017

Respectfully submitted,

s/Gordon E. Jackson
Gordon E. Jackson (TN BPR #08323)
James L. Holt, Jr. (TN BPR # 12123)
J. Russ Bryant (TN BPR #33830)
Paula R. Jackson (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee  38018
Tel:  (901) 754-8001
Fax:  (901) 759-1745
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson @jsyc.com*

*Attorneys for Plaintiff*